UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-80815-SMITH/REINHART

EMILY KENNEDY,

        Plaintiff,

vs.

AMGUARD INSURANCE COMPANY,

        Defendant.

_____/

**OMNIBUS REPORT AND RECOMMENDATION [ECF Nos. 9, 27]**[1]

In February 2023, the Plaintiff, Emily Kennedy, while attempting to avoid an unknown vehicle that violated her right-of-way, swerved, and collided with a car owned by Lisa Frappier and operated by Tatum Kuczenski. ECF Nos. 9-1, 9-2. Specifically, Plaintiff's rear bumper collided with Ms. Kuczenski's front bumper. ECF No. 9-5 at 4. Police arrived, conducted a crash investigation, and determined that Ms. Kuczenski's actions did not contribute to the crash. ECF No. 9 at 2.

---

[1] A Magistrate Judge must issue a Report and Recommendation, subject to de novo review, for case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a Magistrate Judge may issue an Order, subject to clear error review, for a non-dispositive motion. 28 U.S.C. § 636(b)(1)(A). The Eleventh Circuit has not resolved whether a Motion to Remand is a dispositive motion, but the prevailing authority among Courts of Appeals is that it is. *See generally Rotundo v. Garcia,* 12-cv-24304, 2013 WL 12092257, at *2 n.3 (S.D. Fla. June 17, 2013)) (noting lack of Eleventh Circuit precedent and adopting Second, Sixth, and Tenth Circuit approach).

After an unsuccessful effort to settle the uninsured motorist claim for damages pre-suit, Plaintiff sued her insurance company, AmGuard, in Florida state court for negligence. *Id.* AmGuard has since removed the case to this Court. ECF Nos. 1, 5.

Before removing the case, AmGuard filed its Answer and Affirmative Defenses in state court on June 26, 2024. ECF No. 1-29. Among its affirmative defenses, AmGuard pled the following,

> (2) Defendant would state that Plaintiff's damages, if any, were proximately caused and/or contributed by third parties over whom the Defendant or tortfeasor had no custody or control and, therefore, the Defendant cannot be held responsible for such damages, and therefore the Defendant is entitled to have these third parties placed on the jury verdict form in accordance with the *Fabre* and *Nash* decisions. *Nash v. Wells Fargo Guard Servs., Inc.,* 678 So. 2d 1262 (Fla. 1996); *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).
>
> (5) Defendant would state that Plaintiff's recovery, if any, should be reduced pursuant to Florida Statute § 768.81 based upon the percentage of fault attributed to any co-defendant or any non-party who is found to be at fault for the accident alleged by the Plaintiff, and, therefore, the Defendant is entitled to have these third parties placed on the jury verdict form in accordance with Florida Statute §768.81 and the *Fabre* and *Nash* decisions.
>
> (7) Defendant would state that while the Defendant neither affirms nor adopts the allegations in Plaintiff's Complaint, if the Plaintiff is successful at trial it will be due to the sole and/or contributory negligence of a phantom vehicle, which was partially and/or wholly responsible for the incident in question and therefore the Defendant is entitled to have the phantom vehicle placed on the jury verdict form in accordance with the *Fabre* and *Nash* decisions.

ECF No.1-29 at ¶¶2, 5, 7.

Plaintiff now seeks leave to amend her complaint to join Ms. Kuczenski and Ms. Frappier and sue them for negligence and vicarious liability. ECF No. 9 at 3.

According to the Motion to Amend, Plaintiff did not sue Ms. Kuczenski or Ms. Frappier because, "at the time Plaintiff did not feel there existed enough of a basis to raise a claim." ECF No. 9 at 2. The proposed amended complaint contains the following well-pled facts relating to Ms. Kuczenski's alleged negligence:[2]

(1) Tatum Kuczenski was operating a Hyundai owned by Lisa Frappier.

(2) Ms. Kuczenski struck Emily Kennedy's vehicle in the rear.

(3) Ms. Kuczenski failed to stop and or otherwise pay attention such that she crashed into the rear of [Ms. Kennedy's] car.

ECF No. 9-5 at ¶¶11, 22. Plaintiff says she now wants to sue Ms. Frappier and Ms. Kuczenski because AmGuard's second and fifth affirmative defenses can only implicate Ms. Frappier and Ms. Kuczenski. *Id.* at 4. Therefore, Plaintiff argues, if AmGuard has chosen to "blame or partially blame Ms. Kuczenski and Ms. Frappier for the subject crash, [then] Plaintiff has a right to seek full compensation for damages caused by the fault and responsibility of others in one action." *Id.* at 5.

On November 25, 2024, AmGuard filed a notice withdrawing affirmative defenses 2, 5, and 7. ECF No. 27. By then, the time to amend a pleading as a matter of right had expired and so had Judge Smith's deadline for "[] filing [a] motion to amend the pleadings." ECF No. 15 at 1.[3] Therefore, I will construe AmGuard's Notice

---

[2] The parties do not dispute that Ms. Kuczenski and Ms. Frappier are residents of Florida for purposes of diversity jurisdiction, nor do they dispute that Ms. Frappier owned the Hyundai or that Ms. Kuczenski had permission to operate the car.

[3] Judge Smith's Scheduling Order set a deadline of August 27, 2024, for "joinder of any additional parties and filing of motion to amend the pleadings." ECF No. 15 at 1.

of Withdrawal as an untimely motion for leave to amend its affirmative defenses. *See* Fed. R. Civ. P. 6(b)(1)(B), 15(a)(2), and 16(b)(4).

On January 15, 2025, I held oral argument. ECF No. 31. At the hearing, the parties notified the Court that AmGuard had deposed Ms. Kuczenski on October 23, 2024. ECF No. 20.

I have reviewed both Motions, the Responses, and the Reply to the Motion to Amend the Complaint. ECF Nos. 9, 13–14, 27–28. For the reasons stated below, I RECOMMEND Defendant's Motion for Leave to Amend its Affirmative Defenses be granted and Plaintiff's Motion to Amend and Remand be denied.[4]

## I. LEGAL PRINCIPLES

1. <u>Futility</u>

Generally, leave to amend a complaint should be given "freely in the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive [], undue prejudice to the nonmoving party and futility of amendment." *Foman v. Davis*, 371 U.S. 178 (1962). And, if the underlying facts or circumstances relied on by plaintiff may be proper subject of relief, he, or she "ought to be afforded an opportunity to test the claim on the merits." *Id.* at 182. Leave to amend a complaint should be denied as futile when the complaint, as amended, would still be properly

---

[4] Judge Smith referred all pre-trial non-dispositive maters for appropriate resolution. ECF No. 15, 17. I submit my findings as to both Motions in this Report and Recommendation because the Motions are inextricably intertwined.

4

dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)).

2. <u>Joinder and Diversity Jurisdiction</u>

In determin[ing] whether a case should be remanded [to state court], a district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). But, a district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure and should deny leave to amend unless strong equities support the amendment. *Small v Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013). Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Farach-Loveira v. Cleveland*

*Steel Tool Co.*, No. 19-cv21403, 2019 WL 11506124, at *1 (S.D. Fla. Aug. 23, 2019) (citing 28 U.S.C. § 1447(e)), *report and recommendation adopted*, No. 19-cv-21403, 2019 WL 11506125 (S.D. Fla. Sept. 17, 2019). *See also Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). This decision is committed to the sound discretion of the district court. *Farach-Loveira,* 2019 WL 11506124 at *1 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) *and Kleopa v. Prudential Inv. Management, Inc.*, 2009 WL 2242606, at *2 (S.D. Fla. July 27, 2009)).

"The Court must balance the defendant's interests in maintaining the federal forum against the competing interest of avoiding parallel lawsuits." *Farach-Loveira,* at *2 (citing *Hensgens*, 833 F.2d at 1182); *see also Ford Motor Co.,* 923 F. Supp. 2d at 1356 (where the court's decision as to whether to permit joinder of non-diverse party in a removed action will determine the continuance of jurisdiction, the addition of such a party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum). "In applying this balancing test, the district court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Id*. In assessing whether the plaintiff's purpose in seeking to add a non-diverse defendant post-removal is to destroy federal jurisdiction, "courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed." *Seropian v. Wachovia Bank*, N.A., No. 10-cv-80397, 2010 WL 2822195, at *3

6

(S.D. Fla. July 16, 2010). And, a plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along. *See Osgood v. Discount Auto Parts, LLC*, 955 F. Supp.2d 1352, 1356 (S.D. Fla. 2013).

3. <u>Negligence and Vicarious Liability</u>

To state a negligence claim under Florida law, a plaintiff must allege duty, breach, causation, and damages. *Virgilio v. Ryland Grp.*, Inc., 680 F.3d 1329, 1339 (11th Cir. 2012); *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135 (11th Cir. 2011) (citing 28 U.S.C. § 1332 "in diversity actions, a federal court must apply substantive law of state in which it sits, except in matters governed by Federal Constitution or by act of Congress"). In Florida a rebuttable presumption of negligence attaches to the driver of a rear vehicle in a rear-end collision. *Eppler v. Tarmac Am., Inc.*, 752 So. 2d 592 (Fla. 2000). The theory behind this presumption derives from situations when "a plaintiff driver who has been rear-ended knows that the defendant driver rear-ended him but usually does not know why." *Id.* at 1 (quoting *Jefferies v. Amery Leasing, Inc.,* 698 So.2d 368, 370–371 (Fla. 5th DCA 1997)). So, the rule "bears only upon the causal negligence of the rear driver." *Id.* It is constructed by the law to "give particular effect to a certain group of facts in the absence of further evidence." *Id.* at 2. The presumption provides "a prima facie case which shifts the burden to the defendant to present evidence to contradict or rebut the fact presumed. *Id.* When the defendant produces evidence "which fairly and reasonably tends to show

7

that the real fact is not as presumed, the impact of "the presumption is dissipated." *Id.*

And in Florida, under the Dangerous Instrumentality Doctrine, an automobile owner is vicariously liable of damages caused by the operation of his or her vehicle by a permissive user. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920); *Est. of Villanueva ex rel. Villanueva v. Youngblood*, 927 So. 2d 955 (Fla. 2nd DCA 2006).

4. Amending Pleadings

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Fed. R. Civ. P. 15(a).

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

*Id.*

Federal Rule of Civil Procedure 6(b)(1)(B) permits an untimely motion to extend a scheduling order deadline if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has designated four factors that a court should consider when determining whether a late filing results from excusable neglect: (1) "the danger of prejudice to the nonmovant"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Federal Rule of Civil Procedure 16(b)(4) permits modifying the Court's scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore*, 503 F. App'x at 685.

## II.   DISCUSSION

*A. Plaintiff has plausibly alleged a claim against Ms. Kuczenski and Ms. Frappier.*

First, viewing the facts in the light most favorable to the Plaintiff, including Florida's rear end collision rebuttal presumption, the Plaintiff has plausibly alleged a negligence and vicarious liability claim. There is no dispute that Ms. Kuczenski had a duty to exercise reasonable care in the operation of a motor vehicle. And the rear end collision combined with Plaintiff's allegation that Ms. Kuczenski was not paying

9

attention creates a rebuttable presumption she breached that duty and caused damage. AmGuard argues that Plaintiff's proposed amendment is futile, and her alleged facts are conclusory. In support AmGuard points to the crash report where Ms. Kuczenski was found not at fault. But, resolving all factual allegations and uncertainties about state substantive law in favor of the Plaintiff, the proposed amended complaint plausibly alleges a negligence claim against Ms. Kuczenski. *Coleman*, 113 F.3d at 1538. For the same reasons, under the Dangerous Instrumentality Doctrine, the proposed amended complaint plausibly alleges a claim against Ms. Frappier.

    B. *Defendant's untimely motion to amend its affirmative defenses was due to excusable neglect.*

AmGuard first filed its answer and affirmative defenses in state court and then removed to federal court in July 2024. ECF No. 1. Plaintiff filed her Motion to Amend and Remand on July 22, 2024. ECF No. 9. Plaintiff's Motion to Amend relied wholly on AmGuard's affirmative defenses, two of which Plaintiff argued implicate Ms. Kuczenski and Ms. Frappier. *Id.* AmGuard then scheduled Ms. Kuczenski's deposition in September and took the deposition on October 23, 2024. ECF No. 20. Approximately one month later, on November 25, 2024, AmGuard filed its Notice of Withdrawal of Affirmative Defenses 2, 5, and 7. ECF No. 27. At the January 15, 2025, hearing, AmGuard explained that it moved to withdraw its affirmative defenses after Ms. Kuczenski's deposition because, based on the deposition testimony, it concluded there was not a good faith basis to move forward on those affirmative defenses.

AmGuard has met its burden of showing excusable neglect. The impact of allowing a belated amendment is minimal. AmGuard is limiting the scope of the litigation, not expanding it. For that reason, there is minimal danger of unfair prejudice to the Plaintiff's ability to prosecute its existing claims. Both parties have represented to the Court that discovery is moving along, the parties are ready for mediation in advance of their May 2025 deadline, and trial is not until fall of 2025.

Finally, I find that AmGuard acted in good faith. *Ashmore*, 503 F. App'x at 685. AmGuard could not have known it needed to withdraw its affirmative defenses until after the Kuczenski deposition. The deposition did not occur until after the Scheduling Order's deadline to amend. And, for the same reasons, I find good cause exists to recommend modifying the scheduling order because AmGuard has shown that the schedule could not be met despite AmGuard's diligence. *Id*. Therefore, I recommend permitting AmGuard to amend its pleading to withdraw affirmative defenses 2, 5, and 7.

C. *The Hensgens factors weigh against amending and remanding under 28 U.S.C. § 1447.*

I do not find that Plaintiff's purpose in moving to add the non-diverse defendants is to defeat federal jurisdiction. Yes, the Plaintiff knew about the non-diverse defendants before removal and sought to add the parties for the first time after removal. *Hickerson* 818 F. App'x 880 at 885–86. But, Plaintiff has maintained the credible position that she filed her motion to amend in good faith and in response to AmGuard's affirmative defenses. Nothing in the record suggests Plaintiff is acting in bad faith. So, the first *Hensgens* factor does not weigh against remand.

11

The second factor weighs against remand. At the time she filed her complaint in state court, Plaintiff knew about both nondiverse defendants and concedes she chose not to name them in the state action. ECF No. 9 at p 2. Plaintiff also knew at the time she filed her complaint that the crash report found the non-diverse defendants not at fault for the accident. ECF No. 9-5. And, unlike Defendant's Notice of Withdrawal, Plaintiff's Motion to Amend was filed before Ms. Kuczenski's deposition. The non-diverse defendants' role in the suit *before* Plaintiff sued in state court and *after* removal had not yet changed. Nothing in the record suggests that the Plaintiff had *not* "been able to ascertain the non-diverse defendants' role in the suit all along." *Wachovia Bank, N.A.*, No. 10-cv-80397, 2010 WL 2822195, at *3.

Instead, Plaintiff's Motion to Amend is in response to AmGuard's approach in defending the case. Plaintiff concedes she only decided to amend the Complaint to add the non-diverse defendants because AmGuard asserted its affirmative defenses. ECF No. 9 at pp 2; ECF No. 9-5. There is nothing in the record to indicate that Plaintiff could not have anticipated AmGuard asserting these affirmative defenses. As such, AmGuard should not be deprived of its interest in maintaining a federal forum because Plaintiff did not anticipate AmGuard's defense strategy. Moreover, as discussed below, AmGuard has now abandoned these affirmative defenses.

As to the third factor, I cannot say that that Plaintiff would be prejudiced by not being allowed to amend the complaint. She is free to pursue her claims in state court. *Hickerson*, 818 F. App'x 880 at 886 (affirming the district court's decision denying remand holding the plaintiff remained free to pursue claims against an at

12

fault non-diverse defendant in state court. "Being made to litigate against [a non-diverse defendant] in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—such that this factor weighs in the plaintiff's favor").

Finally, in considering "any other factor bearing on the equities," AmGuard has withdrawn the affirmative defenses that motivated Plaintiff to amend the complaint. And, any potential prejudice from allowing AmGuard to withdraw affirmative defenses 2, 5, and 7, can be mitigated. Plaintiff is concerned that the withdrawal is without prejudice, meaning AmGuard could later assert affirmative defenses based on Ms. Kuczenski or Ms. Frappier. At the January 15, 2025, hearing AmGuard said it will not seek leave in the future to amend to include a *Fabre* affirmative defense naming Ms. Kuczenski or Ms. Frappier. Should AmGuard seek leave to amend in the future to add such defenses, the District Court would still review that request under Rules 6, 15, and 16. If, in fact, a belated amendment would prejudice Plaintiff, the Court could deny leave to amend.[5]

For these reasons, AmGuard's interests in maintaining the federal forum outweigh Plaintiff's competing interest of avoiding parallel lawsuits.

## REPORT AND RECOMMENDATION

---

[5] I take no position on the merits or procedural propriety of any future motions to amend to add alternative *Fabre* affirmative defenses.

Accordingly, this Court **RECOMMENDS** that the District Court grant Defendant's Motion for Leave to Amend its Affirmative Defenses and deny Plaintiff's Motion to Amend and Remand.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of January 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE